JOHN P. HARBISON *vs.* THE FIRST PRESBYTERIAN SOCIETY
OF HARTFORD.

The committee of an ecclesiastical society has power to defend, at the cost of
the society, against legal proceedings endangering either the existence of the
corporation or its rights or property.

It may thus defend against a petition for an injunction forbidding the sale of
its pews.

But such a committee has no power to defend, at the cost of the society, against
legal proceedings which affect only themselves personally in their character
as a committee.

It may not so defend against proceedings to test the question whether the
committee has been legally elected.

ASSUMPSIT; brought to the Court of Common Pleas of
Hartford County, and tried before *Fellowes*, Acting Judge.
Facts found, and judgment rendered for the plaintiff for a
part only of his demand, and motion in error by the plaintiff.
The case is sufficiently stated in the opinion.

*H. Willey* and *C. J. Cole*, for the plaintiff.

*L. E. Stanton* and *W. F. Henney*, for the defendants.

PARDEE, J.  The defendant is, and has been since 1853, a
duly organized ecclesiastical corporation, having its location
in Hartford.  Upon the tenth day of March, 1876, T.
Simonds, R. Masterton, G. Calder, and H. Harbison, claimed
to be the committee and board of trustees of that society by
virtue of a lawful election, and no other persons were acting
or claiming the right to act as such.  On that day, upon the
petition of certain other members of the society, alleging
that the aforesaid persons had not been legally elected to said
office, they were enjoined from selling the pews.  Upon the
fourth day of April, 1876, other members of the society
brought an application to the Superior Court praying that a
writ of mandamus should issue, compelling the said persons
so claiming to be a committee to call in a legal manner a
meeting of said society for the purpose among others of
electing a committee.  That court, upon the advice of this

court, denied the prayer. Thereupon the petition for an injunction was discontinued.

The said Simonds, Masterton, Calder and Harbison employed Mr. Cole as an attorney to resist both the application for an injunction and that for a mandamus, and upon the termination of the proceedings drew their order as committee upon the treasurer of the society for $407, payable to the order of Mr. Cole, and delivered it to him in payment for his services. The treasurer refusing to honor the draft, it was endorsed and delivered by Mr. Cole to the plaintiff, who brought an action thereon and recovered judgment for $42.98 damages, that sum representing the fees of Mr. Cole in the matter of the injunction. The plaintiff filed a motion in error.

It is the office of the committee to transact the business necessarily incident to the purpose for which the corporation exists, and to defend against legal proceedings endangering either its existence or its rights or its property. Therefore it was their duty to resist the petition for an injunction, for that, if granted, would have barred the society from income from the sale of pews; presumably would have stopped the corporate breath.

But the petition for a mandamus was of a different character; it was purely personal in its aim and effect; the important allegation in it was that the persons respondent, who were then acting as the committee of the society, had not been legally elected to that office, and the real point and purpose of it was to test the truth of that allegation. This is manifest upon its face; for it asked one committee to convene the members of the society for the purpose of electing another. As two committees cannot co-exist, and as we cannot impute to the petitioners a design to force the society to go through the form of electing one which could have no legal existence, we are shut up to the interpretation which we have given.

In this question the corporation had no interest; no possible determination of it could affect either the existence or the rights or the property of the society; no corporate duty was

neglected by omitting to defend against it. If it should be determined that the committee held the office by legal election, of course there would have been no effect either upon corporation or individuals; if it should be determined that their claim to the office was invalid, there would simply result to the corporation the opportunity and duty to proceed to a legal election. While it is better that corporate offices should be exercised by officers *de jure* than by officers *de facto*, it is not for the reason that corporate life is necessarily put in jeopardy by the latter. Therefore it was not the right of the committee to expend corporate money in defending for themselves the personal privilege of holding office; they were not necessary to the corporate existence. Indeed the real peril to the society would seem to rest in the claim that its members as individuals can without its consent, without its knowledge even, expend a part or all of its property in personal contests for the possession of its offices.

There is no error in the judgment complained of.

In this opinion the other judges concurred.